ADAMS, Justice.
This case arises from a denial by the City of Huntsville of a building permit allowing the appellant, Ernest Koken, to construct a single-family dwelling on his property.
Koken purchased the acreage in question in May 1986. Twenty acres were located within the corporate limits of Huntsville; however, 80 acres were located outside the corporate limits, but within five miles of the corporate limits. See Ala.Code 1975, § ll-52-30(a). Although the property, when purchased, did not have access to a road, Koken thereafter purchased an easement to provide him with ingress to and egress from his land. This easement connected Koken’s property to Broad Armstrong Road.
Subsequently, Koken made application to the City of Huntsville for a building permit in order to construct a single-family dwelling.[1] The permit was denied and the reason indicated was that Koken’s property did not access a public road. * Koken then applied to the City of Huntsville Board of Adjustment for a variance, which was granted. Notwithstanding this fact, he was denied a building permit on the grounds that it would be a violation of Ala.Code 1975, § 11-52-35, which reads as follows:
“From and after the time when a planning commission shall have adopted a major street plan of the territory within its subdivision jurisdiction or part thereof, no building shall be erected on any lot within such territory or part nor shall a building permit be issued therefor unless the street giving access to the lot upon which such building is proposed to be placed shall have been accepted or opened as or shall otherwise have received the legal status of a public street prior to that time or unless such street corresponds with a street shown on the official master plan or with a street on a subdivision plat approved by the planning commission or with a street on a *277 street plat made by and adopted by the commission or with a street accepted by council after submission to the planning commission by the favorable vote required in section 11-52-34.
“Any building erected in violation of this section shall be deemed an unlawful structure, and the building inspector or other appropriate official may cause it to be vacated and have it removed.”
(Emphasis added.) It is undisputed that in 1984, and again in 1988, the City of Huntsville adopted what purported to be a major street plan. Although Koken concedes that the map of the street plan encompasses his property, he argues that no streets are located there and, thus, that no plan has been adopted for that area. While we agree that the area Koken desires to build in is relatively barren with regard to the designation of future and/or present streets, we also note that a large portion of the area described by Koken encompasses Monte Sano State Park, which would not be subject to development. Furthermore, it is conceded by both parties that a portion of the land described by Koken is too mountainous to develop. It is clear to us from looking at the exhibits that a major street plan has been adopted by the City of Huntsville, and that that plan includes the area whereon Koken desires to build his house.
Koken next contends that this land is not within the subdivision jurisdiction of the City of Huntsville. However, a reading of the statute indicates otherwise. The correct wording of § 11-52-35 is not “From and after the time when a planning commission shall have adopted a major street plan within its subdivision jurisdiction.” Rather, the correct wording is “From and after the time when a planning commission shall have adopted a major street plan of the territory within its subdivision jurisdiction or part thereof.” Ko-ken’s property, while not subdivided, definitely falls within the territory within Huntsville's subdivision jurisdiction.
Finally, Koken argues that the easement giving him access to his property satisfies the requirements set forth in § 11-52-35, supra. While a technical reading of the statute indicates that this argument must fail, we are of the opinion that the statute is not so inflexible as the City of Huntsville contends it tó be. To hold that the statute prevents Koken from building on his property in any way would deny him his constitutional and common law right to use his property in a reasonable manner. Koken was originally granted a variance allowing him to build his single-family dwelling.[2] To allow absolutely no room for variances where dictated by hardship would force us to hold § 11-52-35 unconstitutional. Because we are bound to ■construe a statute as constitutional if possible, we are of the opinion that the City may provide for variances in cases such as this one where there is obvious hardship. In cases such as this one, the building permit should be issued.[3]
For the foregoing reasons, the judgment is due to be, and it hereby is, reversed, and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
HORNSBY, C.J., concurs in the result.

. Koken proposed to locate his home on the 80 acres outside the city limits of Huntsville.

. Again, we emphasize that Koken is not trying to build a subdivision or develop his property in an unreasonable manner. He merely desires to build a single-family dwelling.

. We note again that much of the land surrounding Koken’s property on the major street plan did not have streets located there. To hold that the owners therein could build nothing on their properties and to provide them with no recourse for undue hardship would be inequitable.